IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TOMMY JAMES JOHNSON, JR. #86379 | * | |
| Plaintiff, | * | |
| v. | * | 1:09-CV-829-TMH (WO) |
| SHERIFF ANDY R. HUGHES, *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER**

This case is presently pending before the court on a complaint filed by Tommy Johnson, Jr., an inmate incarcerated at the Houston County Jail. A thorough review of this complaint reflects that although Plaintiff lists six defendants in this cause of action, the complaint consists merely of general conclusions of constitutional violations and fails to identify factual allegations material to specific counts lodged against the named defendants with respect to any violations of Plaintiff's constitutional rights.

"This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Accordingly, the court deems it appropriate to require Plaintiff to amend his complaint to re-plead a complaint that respects the requirements of Rule 8, F.R.Civ.P., and the heightened pleading requirement for such

cases as well as to correct the deficiencies noted herein.

Accordingly, it is

ORDERED that on or before **September 18, 2009** Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). *The amended complaint filed in compliance with this order shall supersede the original complaint.* This means that Plaintiff shall no longer rely on the original complaint and this case will proceed only on those claims raised and against those defendants named in the amended complaint filed in accordance with the order.

It is further ORDERED that Plaintiff's amended complaint shall:

1. Identify specific claims relative to ***actions taken against him*** by those persons named as defendants and list these claims in separate counts;

2. Describe with clarity those factual allegations that are material to each specific count against the named defendants; and

3. Describe how the named defendants violated ***his*** constitutional rights.

Plaintiff is hereby advised that the amendment to his complaint must set forth short and plain statements showing why he is entitled to relief and be specific enough to put each defendant on notice of how their conduct allegedly violated Plaintiffs' constitutional rights and should contain only claims relative to actions taken against him by the named defendants. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not

necessary, rather the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. T wombly,* 550 U.S. ___, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation that this action be dismissed.

The Clerk is DIRECTED to furnish Plaintiff with a form for use in filing a complaint under 42 U.S.C. § 1983.

Plaintiff is reminded to write the civil action number assigned to the instant case (**Civil Action No. 1:09-CV-829-TMH**) on the § 1983 form returned to the court pursuant to this order.

Done, this 4th day of September 2009.

    /s/ Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE